# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 17 2020, 9:32 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| Cara Schaefer Wieneke | Matthew B. MacKenzie |
| Wieneke Law Office, LLC | Deputy Attorney General |
| Brooklyn, Indiana | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| James E. Fingers, Jr., | June 17, 2020 |
| *Appellant/Defendant,* | Court of Appeals Case No. 20A-CR-292 |
| v. | Appeal from the Vanderburgh Circuit Court |
| State of Indiana, | The Hon. Kelli Fink, Magistrate |
| *Appellee/Plaintiff.* | Trial Court Cause No. 82C01-1907-F6-5131 |

**Bradford, Chief Judge.**

# Case Summary

In December of 2019, James Fingers, Jr., pled guilty to Level 6 felony methamphetamine possession, Level 6 felony failure to register as a sex offender, and Class A misdemeanor marijuana possession and admitted that he is a habitual offender. The trial court imposed an aggregate term of five years of incarceration, which Fingers argues is inappropriately harsh. Because we disagree, we affirm.

# Facts and Procedural History

On July 23, 2019, Evansville Police Detective Josh Patterson stopped a minivan being driven by Fingers after being advised by another officer that Fingers's driving privileges had been suspended. A search of the minivan uncovered several baggies containing a green substance, a baggie containing a "crystal substance[,]" and a "blunt[.]" Appellant's App. Vol. II p. 17. The green substance tested positive for THC, and the crystalline substance tested positive for methamphetamine. Fingers, who is a registered sex offender, presented identification to officers that listed a home address different than the address listed for him in the sex-offender registry.

On July 25, 2019, the State charged Fingers with Level 6 felony methamphetamine possession, Level 6 felony failure to register as a sex offender, and Class A misdemeanor marijuana possession and alleged that he is a habitual offender. On December 3, 2019, without benefit of a plea agreement, Fingers pled guilty as charged. On January 7, 2020, the trial court sentenced

Fingers to one and one-half years each for methamphetamine possession and failure to register a sex offender and ten months for marijuana possession, all sentences to be served concurrently, with the methamphetamine-possession sentence enhanced by three and one-half years by virtue of Fingers's habitual-offender status.

# Discussion and Decision

[4] Fingers contends that his five-year aggregate term of incarceration is inappropriately harsh. We "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). "Although appellate review of sentences must give due consideration to the trial court's sentence because of the special expertise of the trial bench in making sentencing decisions, Appellate Rule 7(B) is an authorization to revise sentences when certain broad conditions are satisfied." *Shouse v. State*, 849 N.E.2d 650, 660 (Ind. Ct. App. 2006), *trans. denied* (citations and quotation marks omitted). "[W]hether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). In addition to the "due consideration" we are required to give to the trial court's sentencing decision, "we understand and recognize the unique perspective a trial court brings to its

sentencing decisions." *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007).

[5] Fingers pled guilty to two Level 6 felonies and one Class A misdemeanor and admitted that he is a habitual offender. Indiana Code section 35-50-2-7(b) provides that "[a] person who commits a Level 6 felony […] shall be imprisoned for a fixed term of between six (6) months and two and one-half (2 ½) years, with the advisory sentence being one (1) year." Moreover, "[t]he court shall sentence a person found to be a habitual offender to an additional fixed term that is between […] two (2) years and six (6) years, for a person convicted of a Level 5 or Level 6 felony." Ind. Code § 35-50-2-8(i)(2). As mentioned, the trial court imposed an aggregate five-year term, which is out of a possible maximum of ten.[1]

[6] The nature of Fingers's offenses does not warrant a reduction in his sentence. While none of Fingers's offenses, looked at in isolation, seem particularly egregious, he did commit two felonies, for which he received moderately-enhanced sentences, and one misdemeanor. Moreover, Fingers committed these offenses despite his habitual-offender status. When we consider that the trial court could have imposed a term of incarceration twice as long as the one

---

[1] Under the circumstances of this case, it seems that the trial court could have imposed a maximum aggregate sentence of no more than four years for Fingers's three convictions, *see* Ind. Code § 35-50-1-2(d)(1) ("If the most serious crime [arising out of an episode of criminal conduct] for which the defendant is sentenced is a Level 6 felony, the total of the consecutive terms of imprisonment may not exceed four (4) years."), which it then could have enhanced by six years.

that it did, we conclude that the nature of Fingers's offenses does not warrant a reduction.

[7] Fingers's character, as revealed by his truly appalling criminal history, fully justifies the five-year term of incarceration ordered in this case. Fingers, who was fifty years old when he committed the offenses in this case, has prior convictions for

- Class B felony burglary;
- Class C felonies sexual battery and conspiracy to commit forgery;
- Class D felonies operating while intoxicated, possession of cocaine, theft, possession of a controlled substance, and possession of a schedule II controlled substance;
- Level 6 felonies failure to register as a sex offender, child seduction, and criminal confinement;
- Felony failure to register as a sex offender (Kentucky);
- Class A misdemeanors invasion of privacy, domestic battery, interfering with reporting of a crime, driving while suspended, operating while intoxicated causing endangerment, operating while intoxicated with a prior conviction, marijuana possession, and conversion,
- Class B misdemeanors criminal recklessness, criminal mischief, and public intoxication;
- Class C misdemeanors operating while intoxicated, operating a motor vehicle without having received a license, and illegal possession of paraphernalia;
- leaving the scene of an accident (Kentucky); and
- operating while suspended (Kentucky).

Fingers has multiple convictions for some of the crimes listed, bringing his total to fifteen prior felony convictions and many more than fifteen prior misdemeanor convictions. Despite Fingers's lengthy criminal history and myriad opportunities to reform himself, he has not chosen to do so. In light of the nature of his offenses and his character, Fingers has failed to establish that the five-year term of imprisonment imposed in this case is inappropriate.

[8] We affirm the judgment of the trial court.

Baker, J., and Pyle, J., concur.